UNITED STATES of America, Appellee,

v.

Daurnis Saul PEREZ, Defendant–Appellant.

Docket No. 00–1692.

United States Court of Appeals, Second Circuit.

March 28, 2001.

Gene V. Primomo, Assistant Federal Public Defender; Alexander Bunin, Federal Public Defender, and Molly Corbett, of counsel, Albany, NY, for appellant.

Barbara D. Cottrell, Assistant United States Attorney; Daniel J. French, United States Attorney, and Sara M. Lord, Assistant United States Attorney, of counsel, Albany, NY, for appellee.

Present FEINBERG, NEWMAN and SACK, Circuit Judges.

SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED.

The defendant pleaded guilty to a one-count information charging him with being unlawfully in the United States after having previously been deported, in violation of 8 U.S.C. § 1326. The district court sentenced the defendant to a term of 57 months in prison based on the fact that the defendant had been previously convicted of an "aggravated felony." 8 U.S.C. § 1326(b)(2).

The defendant contends that his sentence is unconstitutional because the fact of his prior conviction, which increased the maximum sentence from two years to twenty years, see 8 U.S.C. § 1326(a), (b)(2), is an element of the crime that should have been charged in the information. The defendant concedes that this precise issue was resolved against his position by the Supreme Court in *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). *See also Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 2362–63, 147 L.Ed.2d 435 (2000) ("*Other than the fact of a prior conviction,* any fact that increases the penalty for a crime beyond the prescribed statutory maximum" is an element of the crime rather than a sentencing factor) (emphasis added). He raises it here only to preserve his opportunity to urge the Supreme Court to overrule *Almendarez–Torres*. We are, of course, bound by the Supreme Court's decision. *See Rodriguez de Quijas v. Shearson/American Exp., Inc.*, 490 U.S. 477, 484, 109 S.Ct. 1917, 104 L.Ed.2d 526 (1989).

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.